UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA CAMPOS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 12-03545-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR AN AWARD OF BENEFITS |

**PROCEEDINGS**

On May 1, 2012, Veronica Campos ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on August 6, 2012. On January 30, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for an award of benefits.

## BACKGROUND

Plaintiff is a 34 year old female who applied for Social Security Disability Insurance benefits on May 4, 2009, and Supplemental Security Income benefits on May 1, 2009. (AR 24.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 1, 2008, the alleged onset date of her disability. (AR 26.)

Plaintiff's claims were denied initially on August 31, 2009, and on reconsideration on February 18, 2010. (AR 24.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jeffrey A. Hatfield on February 14, 2011, in Palmdale, California. (AR 24.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 24.) Vocational expert ("VE") Randi Langford-Hetrick also appeared and testified at the hearing. (AR 24.)

The ALJ issued an unfavorable decision on March 3, 2011. (AR 24-30.) The Appeals Council denied review on March 29, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in the assessment of Plaintiff's physical residual functional capacity.
2. Whether the ALJ erred in the credibility findings.
3. Whether the ALJ erred in relying on the vocational expert's response to an incomplete hypothetical question.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 1, 2008, the alleged onset date. (AR 26.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: rheumatoid arthritis and mood disorder. (AR 26.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), except for the following limitations:

> Claimant can no more than occasionally climb ramps or stairs, balance, or stoop; can never climb ladders or ropes, kneel, crouch, or crawl; can no more than occasionally reach bilaterally; can no more than frequently handle or feel bilaterally; must be permitted use of a cane for ambulation; can stand and walk for no more than two to four hours per workday, cumulatively, and for no more than 30 minutes at a time; can sit for up to six of eight hours per workday, cumulatively, but must be permitted to alternate between seated and standing positions at least every 30 minutes; can tolerate no more than concentrated exposure to dangerous machines or unprotected heights; is limited to the performance of simple routine, repetitive tasks; can tolerate no more than occasional interaction with members of the public or co-workers, and interactions with co-workers should be limited to structured relationships, or those involving superficial, non-confrontational relationships without arbitration or negotiation; and can tolerate no more than occasional changes in work settings.

(AR 27.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 27.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a customer service representative. (AR 30.) At step five, the ALJ found that there are also jobs that exist in significant numbers in the national economy that Claimant can perform, including order clerk, charge account clerk, and telephone quote operator. (AR 30.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 30.)

**DISCUSSION**

The Commissioner agrees that this case should be remanded, but argues for a remand for further proceedings on these terms:

> The ALJ will re-evaluate the treating source opinions, re-contacting Dr. Chung for clarification, re-determine the Claimant's residual functional capacity, and obtain supplemental vocational expert testimony if necessary.

(JS 7.) Plaintiff contends that Dr. Chung's testimony should be credited as true and, because further administrative proceedings would serve no useful purpose, the case should be remanded for an award of benefits. The Court agrees with Plaintiff.

The legal standards for remanding for further proceedings or remanding for an award of benefits are set forth in Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand for further proceedings is appropriate if enhancement of the record is needed; conversely, where the record has been fully developed and further administrative proceedings would serve no useful purpose, the District Court should remand for an award of benefits. Id. More specifically, the District Court should credit evidence rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

Plaintiff's treating rheumatologist Dr. Sue Chung diagnosed severe, advanced rheumatoid arthritis with severe joint pain. (AR 28, 394, 399.) In a May 10, 2010, RFC assessment, Dr. Chung stated Plaintiff had "severe inflammatory arthritis" with objective signs of "synovitis, warmth and swelling." (AR 368.) Dr. Chung assessed Plaintiff's RFC as having the ability to lift/carry less than 10 pounds occasionally, stand/walk less than 2 hours in an 8 hour workday and sit less than 6 hours in an 8 hour workday, and would be absent from work about 2 days a month, which would restrict Plaintiff to less than sedentary work. (AR 368-71.) Dr. Chung did not say her opinion was applicable only during times of exacerbation or when Plaintiff's arthritis was at its worst and most disabling. She further opined that Plaintiff's

impairments lasted or can be expected to last at least 12 months. (AR 368.) When presented with a hypothetical question that included the limitations of standing less than 2 hours and sitting less than 6 hours assessed by Dr. Chung, the vocational expert testified that an individual with those limitations would not be able to perform full time employment. (AR 61.)

The ALJ accepted Dr. Chung's statements, but only during periods of exacerbation, stating "not inconsistent with the statements of Dr. Chung, I find the Claimant can perform sedentary work, and can stand and work two to four hours a day, and sit for six hours a day." (AR 28, 29.) The ALJ's RFC, in effect, omits limitations that even the ALJ concedes will be present during periods of exacerbation. The ALJ provides no explanation how Plaintiff could maintain a job, working 8 hours a day, 5 days a week, during periods of exacerbation, nor does the ALJ discuss the implications of being disabled for some portions of a month.

The Commissioner essentially concedes that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Chung's opinion, at least during times of exacerbation, and seeks remand so that the ALJ can reevaluate Dr. Chung's opinion. The Commissioner argues that Dr. Chung had not seen Plaintiff for 12 months, but what matters is that Dr. Chung opined that Claimant's impairment was expected to last at least 12 months. (AR 368.) There is no ambiguity or need for further evaluation. The ALJ then argues that there is sufficient ambiguity as to whether Dr. Chung's RFC would apply to Claimant's typical level of functioning. Yet there was no ambiguity in the ALJ's interpretation of the evidence — the ALJ clearly was of the opinion that Dr. Chung's opinion was not applicable during periods of typical functioning. (AR 28.) The problem is that the ALJ accepted Dr. Chung's less than sedentary RFC for periods of exacerbation but inexplicably omitted any limitations in the RFC, in effect rejecting Dr. Chung's opinions for periods of exacerbation without explanation. Because the ALJ failed to provide legally sufficient reasons for rejecting Dr. Chung's RFC, Dr. Chung's opinion should be credited as a matter of law, for periods of exacerbation. Benecke, 379 F.3d at 593; see also Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995). In fact, the ALJ already did accept Dr. Chung's opinion. As a result, the ALJ's RFC is flawed because it omits Dr. Chung's more restrictive limitations for periods of exacerbation.

There are no outstanding issues that must be resolved before a determination of disability can be made. The ALJ discounted Plaintiff's credibility to the extent inconsistent with Claimant's RFC, but if Dr. Chung's limitations were added to the RFC, there would be no inconsistency. Similarly, based on the VE's testimony, it is clear from the record that the ALJ would be required to find the Claimant disabled if Dr. Chung's opinion and limitations were credited, even if for periods of exacerbation. Thus, the record here is fully developed and further administrative proceedings are unnecessary. Remand for an immediate award of benefits is appropriate.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for an award of benefits.

DATED: March 4, 2013

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE